Turley, J.
delivered the opinion of the court.
This is a bill filed by Elias Turner, as the next friend of William B. Turner, and other minors and distributees of John Turner, deceased, against their guardian, Lorenzo D. Hill, Abner Coleman, administrator of their deceased father’s estate, and James, George and Curry Petigrew; and the facts, on which the relief sought is asked, are as follows:
After the death of John Turner, Lorenzo D. Hill intermarried with his widow, and was appointed by the county court of Perry guardian to said minor heirs. By a decree of the chancery court at Lexington, the negroes belonging to the estate of John Turner were sold, in order to make distribution among the heirs; at this sale, Lorenzo D. Hill, the guardian, purchased six; for the payment of which, he executed his note with security, payable in twelve months, and took the negroes in possession. This note, with others, the proceeds of the sale, was, by order of the court, delivered to the administrator, Coleman, for the purpose of collection, and was given up by him to Hill, he giving him a receipt for the amount, as guardian. Afterwards, Hill sold absolutely two of the negroes to defendants, the Petigrews, for a fair and valu *439 able consideration, and conveyed the others in trust to secure a debt due to them; and this bill is now filed on the part of the wards, to establish their right to said negroes, claiming the same as cestuis que trust against their guardian, who acquired them by a breach of trust, and the Petigrews, who claimed under him, as being under the circumstances chargeable with the trust.
That the guardian was guilty of a breach of trust in taking his own note from Coleman, the administrator, as a portion of the distributive share of his wards, is obvious. This note, as we have seen, was the consideration given by him for the purchase of the negroes, and, as the case stands, he has paid nothing for them; and upon just and equitable principles they must be considered as the property of those to whom they belonged before this iniquitous attempt to change the rights of the distributees of John Turner, the wards of the defendant, Hill.
There is no principle of chancery law better settled than this: if a trustee buys property with the trust fund, it shall, at the election of the cestui que trust, belong to him. Such is in substance this case. The reception of his own debt by the guardian, as a portion of his wards’ distribution, from the administrator, and this debt having been contracted for a purchase of their negroes, makes as strong a case against him, as if he had actually paid out the money of his wards. It, so far as their interests and rights are concerned, places them in the same position; and, in as much as it is the appropriation of the money that raises the equity, it can make no difference whether these appropriations be made at the time of the contract of purchase, or afterwards in payment thereof. This principle, then, being conclusive in favor of the complainants against the defendant, Hill, it will be so likewise against all'persons claiming this property through and under him, who stand in a position to be affected by this equity. This makes it necessary to inquire, whether the defendants, the Petigrews, do occupy such a position. They answer that they had no personal knowledge of the misapplication of the trust fund at the time they purchased from the guardian two of the negroes, absolutely, and took a deed *440 of trust upon the others to secure the payment of a debt due them; that they paid a full and valuable consideration for the two, and that the debt for which the others are pledged is in good faith due.
Another principle of equity well settled is, that, where the equities of conflicting parties are equal, whoever has the legal title shall keep it. This principle, applied, rules this case. Hill, the guardian, had. the legal title to the negroes, and there was nothing but an equity in his wards, created by his breach of trust. This legal title to two of the negroes he sold to defendants, the Petigrews, for a full and valuable consideration paid, who purchased without knowledge of the breach of trust, and of the outstanding equity in the complainants; they are of consequence purchasers for a valuable consideration without notice, and are to be as favorably regarded as the complainants, their equities being equal; and having acquired the legal title, they shall, therefore be permitted to keep it. But not so in relation to the negroes conveyed by the trust deed. They are only security for the payment of a debt previously contracted, and the loss of the security places the creditors in no worse condition than they were before the security was given, and they shall not, therefore, keep these negroes, as against the complainants, having no equity as against them. Decree accordingly.